FILED & JUDGMENT ENTERED
David E. Weich

Jun 12 2009

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 07-10453 |
| **ROGER DALE HARWOOD** ) | Chapter 7 |
| **CYNTHIA GADDY HARWOOD,** ) | |
| ) | |
| Debtors. ) | |
| ) | |

**ORDER**

This matter came before the court for reconsideration of the Trustee's Motion to Determine Ownership in Real Property (the "Motion"). Upon reconsideration, the court concludes that the language in the deed that is the subject of the Trustee's Motion is an unlawful restraint on the alienation of land and is, therefore, void. Because the restrictive provisions in the deed are void and unenforceable, the court finds that the grantors conveyed a fee simple title to the male debtor and his mother. Accordingly, the Trustee may administer the asset for the benefit of the estate.

**Background**

    1. This matter came before the court for hearing on May 21, 2008, upon the Trustee's Motion. The Motion involves a piece of property located at 1484 Sprinkles Creek Road, Mars Hill, Madison County, North Carolina, in which the male debtor's maternal grandparents conveyed a one-half interest to both the male debtor and his mother in a deed dated December 10, 1984.

    2. The deed contains language that was the subject of the Trustee's Motion. Specifically, the deed provides as follows:

> Doris Harwood and Roger Harwood shall not convey, or attempt to convey, or encumber said property during the life time of either of the Grantees, and if the Grantees convey, attempt to convey, or encumber said lands in violation of this provision, such action shall work a forfeiture of said lands and the same shall revert to the Grantors or their successors in title.

    3. In her Memorandum of Law in Support of Trustee's Motion to Determine Ownership in Real Property and at the original hearing on this matter, the Trustee argued that the reverter language contained in the deed is not an allowable restraint upon the alienation of a fee simple absolute and is, therefore, void. Accordingly, the Trustee concluded that she could administer the asset for the benefit of the estate.

    4. In contrast, the male debtor argued that pursuant to N.C.G.S. § 41-32, which provides for a 60-year effective time period for the reverter language, the reverter clause was valid. Therefore, any attempt by the Trustee to convey the male

debtor's interest would invoke the reverter language, render the conveyance a nullity, and cause the property to revert to the male debtor's grandmother, who is the sole surviving grantor.

5. At the original hearing on this matter, the court found that the conveyance was subject to N.C.G.S. § 41-32 and that the reverter language contained within the deed fell within the 60-year effective period of N.C.G.S. § 41-32(a). Therefore, the court denied the Trustee's Motion and held that the half interest of the male debtor is not property of the Chapter 7 estate. The court entered an order to that effect on May 23, 2008.

6. Following the May 21, 2008, hearing, the court researched this matter further and based on its findings concluded that it should conduct a hearing to reconsider the Motion to Determine Ownership in Real Property. Consequently, the court entered a Memorandum Order Setting Hearing for Reconsideration on July 3, 2008.

7. In its Memorandum Order Setting Hearing for Reconsideration, the court found that N.C.G.S. § 41-32 does not apply to the deed in question because pursuant to N.C.G.S. § 41-33, § 41-32 applies only to a property interest or arrangement that is created on or after October 1, 1995. Therefore, the court concluded that the validity of the reverter clause contained in the deed in question is a question of North

Carolina common law, pursuant to which the court suggested the language at issue may be invalid.

8. The court conducted a hearing on the reconsideration of the Trustee's Motion on August 20, 2008. At that hearing, the male debtor largely relied on Elmore v. Austin, 232 N.C. 13, 59 S.E.2d 205 (1950) to argue that the male debtor's grandparents conveyed the property to the debtor and his mother in fee simple determinable. Elmore defines an estate in fee simple determinable as one "created by any limitation which, in an otherwise effective conveyance of land, creates an estate in fee simple; and provides that the estate shall automatically expire upon the occurrence of a stated event." See Elmore, 232 N.C. at 20-21, 59 S.E.2d at 211. Elmore goes on to explain that when an owner of land devises it in fee simple determinable, "a possibility of reverter, which is a reversionary interest subject to a condition precedent, springs up." See id. at 21, 59 S.E.2d at 211.

9. If, in fact, the male debtor's grandparents conveyed the property in fee simple determinable, the male debtor concluded that the Trustee could not administer the property because to do so would automatically trigger the reversionary interest and cause the property to revert back to the grandmother as the only surviving grantor.

4

10. The Trustee, on the other hand, argued that the reverter language at issue in the deed created a fee simple on condition subsequent upon the breach of which the grantor may exercise a right of re-entry or bring an action to terminate the estate. In support of her argument, the Trustee cited <u>New Covenant Worship Ctr. v. Wright</u>, 166 N.C.App. 96, 601 S.E.2d 245 (2004) and <u>Staton Assoc., Inc. v. Dare County</u>, 350 N.C. 367, 513 S.E.2d 789 (1999). As the court understands it, however, the Trustee concluded that the language providing for the right of reentry was too vague because it did not clearly delineate the event that triggered the right of reentry. Therefore, according to the Trustee, the grantors did not have the right to terminate the estate such that the Trustee could administer it for the benefit of the estate's creditors.

**<u>Discussion</u>**

11. The court agrees with the male debtor and the Trustee to the extent they argue that the language at issue attempted to create either a fee simple determinable or a fee simple on condition subsequent. However, the court need not determine which type of fee the grantors conveyed because the court finds that in attempting to include a fee simple determinable or a fee simple on condition subsequent in their deed, the grantors created an unlawful and void restraint upon alienation.

5

12. The deed in question contains the express provision that the grantees "shall not convey, or attempt to convey, or encumber said property during the life time of either of the Grantees." The deed further provides that to do so would "work a forfeiture" of the land conveyed and cause the same to revert back to the grantors. The clear import of this language is to prevent the male debtor and his mother from disposing of the property, and North Carolina courts have consistently held that such restrictions are contrary to public policy and void. See Cummings v. U.S., 409 F. Supp. 1064, 1069 (M.D.N.C. 1976) (holding that language precluding the plaintiff from disposing of property to any party other than a school unit is an unlawful restraint on the alienation of land in a deed, contrary to public policy, and void) (citations omitted); see also Langston v. Wooten, 232 N.C. 124, 127, 59 S.E.2d 605, 608 (1950) (holding that a provision that a devisee shall have no right to sell land, "except to each other" constitutes an absolute restraint upon the power of alienation and is void); Williams v. Mcpherson, 216 N.C. 565, 566, 5 S.E.2d 830, 831 (1939) (finding that the clause "said property never to be sold, bought or transferred or exchanged only among Williams' heirs" is such a restraint upon alienation that it is void as against public policy).

13. Because the language at issue in this case is even more restrictive than the language cited in the above-referenced cases it is clearly an unlawful restraint upon alienation and is, therefore, void.  It strictly prohibits the conveyance of the property to anyone during the lifetime of either of the grantees.  Thus, the court finds that the grantors conveyed a fee simple absolute to the male debtor and his mother. Accordingly, the Trustee may administer the asset for the benefit of the estate.

It is therefore **ORDERED** that upon reconsideration of the Trustee's Motion to Determine Ownership in real Property, the court concludes that the restrictive language at issue in this case is void.  Accordingly, the male debtor and his mother each own a one-half interest in the real property located at 1484 Sprinkles Creek Road in fee simple absolute, and the Trustee may administer the asset for the benefit of this estate.

**This Order has been signed electronically.**          **United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**